THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JEFFREY MUSGROVE, Defendant-Appellant.

Third District   No. 3—98—0953

Opinion filed May 10, 2000.

Kerry J. Sluis (argued), of State Appellate Defender's Office, of Ottawa, for appellant.

James Glasgow, State's Attorney, of Joliet (John X. Breslin and Terry A. Mertel (argued), both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HOMER delivered the opinion of the court:

After a stipulated bench trial, the defendant was convicted of the offense of escape (720 ILCS 5/31—6(a) (West 1998)) and sentenced to six years in prison. On appeal, he contends that the trial court erred in: (1) granting the State's motion *in limine* which barred him from presenting the affirmative defense of necessity, and (2) denying his motion to represent himself. After our careful review, we reverse and remand the case for a new trial.

## FACTS

During all times relevant, the defendant was serving a 50-year sentence at Stateville Correctional Center for his 1989 convictions for murder, attempted armed robbery, unlawful use of a weapon, and conspiracy. While incarcerated, the defendant was charged by indictment with the offense of forgery for allegedly engaging in a scheme to defraud inmates at other correctional institutions. The defendant allegedly sent letters to these inmates on altered law firm stationery indicating that they had been awarded $2,500 in a class action settlement, which they could collect if they sent $25 to the defendant's post office box.

On April 22, 1997, the defendant was transported to the Will

County courthouse by Officer Timms, an employee of the Illinois Department of Corrections (DOC), for an appearance on the forgery charge. As they prepared to leave, the defendant escaped from the back of the prison van before Officer Timms could close the door. After a brief foot chase, Officer Timms caught the defendant and placed him back into custody. The defendant was subsequently charged by indictment with the offense of escape (720 ILCS 5/31—6(a) (West 1996)).

Prior to trial on the escape charge, the defendant indicated that he intended to present the affirmative defenses of necessity and compulsion. He claimed that his life was in danger at Stateville because of the publicity surrounding the forgery case. The State filed a motion *in limine*, seeking to bar the defendant from presenting those defenses, which the trial court granted.

There were numerous delays in the proceedings. Thereafter, the defendant, who was represented by the public defender's office, requested that he be allowed to represent himself at trial. The trial judge denied his motion, finding that it was made too late and would further delay the trial. The case proceeded to a stipulated bench trial. After stipulating to the facts, the defendant was given the opportunity to make an offer of proof on the affirmative defense issues.

The defendant showed that, after his indictment on the fraud charge, an article appeared in *The Joliet Herald News* identifying the defendant by name and describing his alleged scheme to defraud fellow inmates. The defendant testified that he first saw the article when it was posted on the bulletin board in the law library at Stateville in late 1996. Thereafter, he claims that he began receiving death threats and threats of physical harm from other inmates. He did not specifically know the names of the inmates, but knew some by their nicknames, gang affiliations, and job assignments. He stated that inmates had thrown urine and hot water on him and tried to strike him with broomsticks as he walked by the cells. The defendant's fellow inmate, Miles Barnes, testified that he was aware that the defendant had been threatened by inmates, but he had no information about specific threats.

The defendant stated that he first reported the threats to the warden and the assistant Director of Corrections in December 1996. In January 1997, the defendant filed a grievance that detailed his safety concerns and requested that the matter be handled as an emergency. The defendant's request for emergency status was denied. In the following months, the defendant wrote numerous letters regarding his safety concerns which he contends garnered no response. He stated that the purpose behind his escape attempt was to get the attention of the Department of Corrections officials. The defendant asserted that

he had no intention of getting away, but he wanted to bring to their attention his serious safety concerns and his need to be protected and moved from Stateville.

Officer Timms testified that he could not recall any conversations he may have had with the defendant prior to the escape attempt. After his recapture, the defendant told Officer Timms that it was not personal, but that he had to do it because his life had been threatened. Will County Sheriff's Deputy Rafael Garza, who aided in the recapture, testified that he also heard the defendant make this statement.

When Officer Timms picked up the defendant at the segregation unit at Stateville, where inmates are kept in their cells 23 hours a day, he noticed that the prison was on lockdown that day. He noted that during lockdown no prisoner is allowed outside of his cell except for visits and emergency medical attention. The defendant acknowledged that the prison had been on lockdown for two days, but he stated that it had no impact on his contact with other inmates.

At the conclusion of his offer of proof, the defendant was found guilty of escape and sentenced to six years in prison to be served consecutively to his current term. The defendant's posttrial motion was denied, and this appeal followed.

## ANALYSIS

■ While motions *in limine* are encouraged in criminal cases to exclude collateral or extraneous matters, such motions should be used with caution so that they do not unduly restrict the opposing party's case or deprive a defendant of a legally viable defense. *People v. Berquist*, 239 Ill. App. 3d 906, 908, 608 N.E.2d 1212, 1214 (1993). A reviewing court will reverse the trial court's decision to grant a motion *in limine* if the decision was an abuse of discretion. *People v. Batchelor*, 202 Ill. App. 3d 316, 325, 559 N.E.2d 948, 955 (1990).

■ Section 7—13 of the Criminal Code of 1961 describes the necessity defense as follows:

> "Conduct which would otherwise be an offense is justifiable by reason of necessity if the accused was without blame in occasioning or developing the situation and reasonably believed such conduct was necessary to avoid a public or private injury greater than the injury which might reasonably result from his own conduct." 720 ILCS 5/7—13 (West 1998).

Necessity involves a choice that can only be made between two admitted evils, other options being unavailable. Even slight evidence of the forcing of this choice is sufficient to make the defense an issue for the trier of fact. *People v. Branham*, 217 Ill. App. 3d 650, 651, 577 N.E.2d 803, 805 (1991).

■ The following factors have been deemed valuable in assessing claims of necessity in escape cases:

" '(1) The prisoner is faced with a specific threat of death, forcible sexual attack or substantial bodily injury in the immediate future;

(2) There is no time for a complaint to the authorities or there exists a history of futile complaints which make any result from such complaints illusory;

(3) There is no time or opportunity to resort to the courts;

(4) There is no evidence of force or violence used towards prison personnel or other 'innocent' persons in the escape; and

(5) The prisoner immediately reports to the proper authorities when he has attained a position of safety from the immediate threat.' " *People v. Unger*, 66 Ill. 2d 333, 342, 362 N.E.2d 319, 323 (1977), quoting *People v. Lovercamp*, 43 Cal. App. 3d 823, 831-32, 118 Cal. Rptr. 110, 115 (1974).

All of these factors need not be present to establish necessity, and the absence of one or more does not necessarily prohibit the assertion of the defense. Rather, these factors are most useful in assessing the weight and credibility of the defendant's claim. *Unger*, 66 Ill. 2d at 342, 362 N.E.2d at 323.

■ The instant defendant argues that the trial court erred in denying him the opportunity to present evidence to a jury on the defense of necessity. After our careful review, we agree.

Because there is very little information about the underlying forgery charge in the record, the defendant pleaded not guilty to the charge, and the charge remained pending at the time of the instant trial, we are unable to conclude that the defendant was to blame in occasioning or developing this situation. Further, the defendant has presented some evidence indicating that he reasonably believed that his actions were necessary to avoid great injury.

Specifically, the defendant testified that he received numerous threats of death and bodily harm from other prisoners in the months leading up to his escape attempt. He said that he feared for his life every waking minute and believed that an attack was imminent based upon the threats, gang activity, and level of hostility in Stateville. He testified that he made numerous complaints to DOC officials about the threats and assaults, but no action was ever taken to ensure his safety. The defendant admitted that he never told the judge about the threats during his numerous court appearances on the forgery charge, but based upon his knowledge of the procedures for complaints and grievances in the prison system, he believed that the judge could have done nothing about the situation anyway.

Further, the record shows that the defendant used minimal force in making his escape. Once recaptured within minutes of his escape,

the defendant told Officer Timms that he had to make the escape because his life was threatened. The defendant stated that he had no intention of getting away, he just wanted to bring attention to his concerns for his own safety.

In response, the State argues, *inter alia*, that as an inmate of the segregation unit at Stateville, the defendant is confined to his cell 23 hours a day and has no cell mate, implying that there was no opportunity for the defendant to be threatened or harmed while incarcerated. However, the defendant testified that there were numerous opportunities for inmates to threaten and harm him as he walked past the cells and spent time in the library and prison yard. The State's assertions challenge the weight, credibility, and overall sufficiency of the evidence which are issues to be resolved when the evidence is presented at trial. See *Unger*, 66 Ill. 2d at 342, 362 N.E.2d at 323.

After our careful review of the record, we determine that there was sufficient evidence to permit the defendant to proceed to trial with his claim of necessity. *People v. Blake*, 168 Ill. App. 3d 581, 587, 522 N.E.2d 822, 826 (1988) (even slight evidence of the defense is sufficient to make it an issue for the jury). Because the trial court erred in granting the State's motion *in limine*, we reverse the defendant's conviction and sentence and remand the cause for a new trial.

In light of our decision, we need not address the defendant's remaining argument regarding the trial court's denial of his motion to represent himself at trial.

## CONCLUSION

For the foregoing reasons, the judgment of the circuit court of Will County is reversed and the cause is remanded for a new trial.

Reversed and remanded.

SLATER, P.J., and HOLDRIDGE, J., concur.