THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
ALAN HAYNES, Defendant-Appellant.

Fifth District   No. 5—90—0083

Opinion filed December 30, 1991.

Daniel M. Kirwan and Michelle A. Zalisko, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Gary Duncan, State's Attorney, of Mt. Vernon (Kenneth R. Boyle, Stephen E. Norris, and Diane L. Campbell, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE RARICK delivered the opinion of the court:

Defendant, Alan Haynes, was convicted after a jury trial of attempt (criminal trespass to a residence) (Ill. Rev. Stat. 1989, ch. 38, pars. 8—4, 19—4) and sentenced by the circuit court of Jefferson County to serve 10 months in the county jail. Defendant appeals both his sentence and conviction. We affirm.

At approximately 11 p.m. on July 22, 1989, defendant knocked on the door of one of the trailers in a trailer park where he frequently visited. Defendant knew the occupants of the trailer but had been warned previously not to associate with the children who resided there. On this particular evening, the oldest daughter, then 11 years old, was baby-sitting six other children in the trailer. When defendant knocked on the door, the daughter and her younger sister asked who was there. When they heard no response, they cracked open the door to see who was outside. Once the children recognized defendant, they opened the door farther. Defendant, who was intoxicated, asked to use the telephone because someone was going to beat him up. The daughter informed defendant she was not allowed to let him in and tried to shut the door. Defendant, however, stuck his foot in the doorway. The daughter then attempted to leave the trailer but was pushed back in by defendant. She tried again, and this time was successful. The daughter ran to some of her neighbors' trailers to get help. Two neighbors came to her assistance and escorted defendant away from the trailer. Defendant never entered the children's trailer but did prevent them from closing the door. None of the neighbors noticed any other people in the area who may have been after defendant, nor did defendant ask any of the neighbors for help. Based on this evidence, the jury found defendant guilty of attempt (criminal trespass), a Class A misdemeanor, and defendant was ordered to serve 10 months' imprisonment in the county jail.

Defendant raises two issues on appeal, one pertaining to his conviction and the other to his sentencing. We turn first to defendant's contention with respect to his conviction. Defendant argues he was denied effective assistance of counsel by defense counsel's failure to tender to the jury an instruction on the defense of necessity. Defendant asserts only some evidence of a necessity defense is re-

quired to compel an instruction on such a defense, and according to defendant, his fear of being beaten up is "some evidence," however slight, to trigger the defense that defendant acted out of necessity in attempting to criminally trespass on the children's residence. His counsel's failure to tender an instruction on the defense of necessity thereby deprived him of a fair trial when there was no evidence defendant had any other option but to try to use the telephone in the children's residence to avoid harm to himself that night. We disagree.

It is true that a defendant is entitled to have the jury instructed on the defense of necessity if sufficient evidence has been introduced to support such a defense. (See, *e.g., People v. Newbolds* (1990), 204 Ill. App. 3d 952, 954, 562 N.E.2d 1051, 1052; *People v. James* (1989), 180 Ill. App. 3d 461, 464, 535 N.E.2d 1147, 1150.) Defendant, however, must be without blame in occasioning or developing the situation and must reasonably believe that his conduct, which would otherwise be an offense, was necessary to avoid a public or private injury greater than the injury which might reasonably have resulted from his own conduct. (*People v. Janik* (1989), 127 Ill. 2d 390, 399, 537 N.E.2d 756, 760; *Newbolds*, 204 Ill. App. 3d at 954, 562 N.E.2d at 1052; *James*, 180 Ill. App. 3d at 465, 535 N.E.2d at 1150.) Necessity involves a choice that can only be made between two admitted evils, other options being unavailable. (*Janik*, 127 Ill. 2d at 399, 537 N.E.2d at 760; *People v. Branham* (1991), 217 Ill. App. 3d 650, 651, 577 N.E.2d 803, 805.) When another alternative exists besides the two evil choices which, if carried out, would cause less harm, then the accused is not justified in breaking the law. (See *People v. White* (1979), 78 Ill. App. 3d 979, 981, 397 N.E.2d 1246, 1247.) Here, defendant had available other courses of action which were less harmful.

■■ Defendant claims he tried to force his way into the trailer because he needed to use the phone to avoid being beaten. We first note that nothing in the record points to who allegedly was pursuing defendant or why he was being pursued. Accordingly, nothing confirms defendant was without blame in occasioning or developing the situation. More importantly, there was no evidence of anyone after defendant such that his attempted criminal trespass was necessary at that particular point in time. Defendant remained at the children's trailer door for several minutes even though he knew other people who lived in the trailer park. If defendant truly were in dire emergency, he just as easily could have gone to another home to use a telephone. Once the neighbors arrived, defendant did

not even request their help or ask to use their phones. The evidence further revealed the trailer park had a public phone. Defendant's choices, therefore, were not limited solely to being beaten up or getting inside the children's trailer. While it may have been necessary for defendant to use a telephone to get help, it was not necessary to use the children's telephone. Under such circumstances, defendant simply was not justified in attempting to force his way into the trailer. And, as there was insufficient evidence at trial to trigger the giving of a necessity-defense instruction, defense counsel accordingly was not ineffective for not requesting that it be given. Defendant, therefore, was not denied a fair trial. See *People v. White* (1989), 180 Ill. App. 3d 1032, 1035, 536 N.E.2d 812, 815; see also *People v. Gray* (1980), 87 Ill. App. 3d 142, 150, 408 N.E.2d 1150, 1156; *cf. People v. Pegram* (1988), 124 Ill. 2d 166, 174, 529 N.E.2d 506, 509-10; *Newbolds*, 204 Ill. App. 3d at 954-55, 562 N.E.2d at 1052-53.

Defendant also argues on appeal the sentencing scheme which allows attempt misdemeanors to be punished as severely as the offenses attempted while attempt felonies are not punished as severely as the offenses attempted is unconstitutional. Again, we disagree.

■ We start with the proposition that all legislative enactments carry a strong presumption of constitutionality, and all doubts are to be resolved in favor of their validity. (*People v. Esposito* (1988), 121 Ill. 2d 491, 497, 521 N.E.2d 873, 875.) Because no fundamental right or suspect class is involved in this instance, the classification at issue need only bear a rational relationship to a valid legislative purpose. And, only if this classification is based on reasons totally unrelated to the pursuit of a legitimate State interest will we find the sentencing scheme to be unconstitutional. (See *Esposito*, 121 Ill. 2d at 500, 521 N.E.2d at 877.) Moreover, the legislature is not prohibited from enacting statutes which affect different classes of people differently as long as there is a rational basis for so doing and no fundamental right is involved. (*Esposito*, 121 Ill. 2d at 501, 521 N.E.2d at 877.) There simply is no requirement that a statutory classification be accurate or harmonious so long as it is not arbitrary and will accomplish the desired legislative design. (*Esposito*, 121 Ill. 2d at 501-02, 521 N.E.2d at 878.) The legislature is "allowed to take reform 'one step at a time, addressing itself to the phase of the problem which seems most acute to the legislative mind,' [citation]; and a legislature need not run the risk of losing an entire remedial scheme simply because it failed, through inadver-

tence or otherwise, to cover every evil that might conceivably have been attacked." *McDonald v. Board of Election Commissioners* (1969), 394 U.S. 802, 809, 22 L. Ed. 2d 739, 746, 89 S. Ct. 1404, 1409, quoting *Williamson v. Lee Optical of Oklahoma, Inc.* (1955), 348 U.S. 483, 489, 99 L. Ed. 563, 573, 75 S. Ct. 461, 465; see also *Esposito*, 121 Ill. 2d at 503, 521 N.E.2d at 878.

■ At common law, all attempts were misdemeanors. (See Ill. Ann. Stat., ch. 38, par. 8—4, Committee Comments, at 498 (Smith-Hurd 1989).) By statute, however, the legislature chose to increase the penalties for attempts at the most serious felonies. This is understandable as these perpetrators pose a greater hazard to society by the very nature of the offenses attempted. The legislature quite properly may act to protect people from the most serious threats to their safety. (See *Esposito*, 121 Ill. 2d 491, 521 N.E.2d 873; see also *People v. Morris* (1990), 136 Ill. 2d 157, 554 N.E.2d 235.) Merely because the legislature has chosen to remedy an evil by taking this step of increasing penalties for attempts at more serious felonies does not mean the legislature must also establish lesser sentences for attempted misdemeanors in order to balance out the statute. Simply because defendant falls into a category upon which the legislature has not felt the need to act does not mean the resulting classification is unconstitutional. We further note the legislature has traditionally treated felons and misdemeanants differently. Accordingly, as there is a rational basis for the differing classifications, we find the sentencing schemes defendant challenges to be constitutional.

For the aforementioned reasons, we affirm the judgment of the circuit court of Jefferson County.

Affirmed.

GOLDENHERSH, P.J., and CHAPMAN, J., concur.