No. 3-05-0809
_____

_____

Filed August 10, 2006.

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2006

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court for the 10th Judicial Circuit, Peoria County, Illinois. |

THE PEOPLE OF THE
STATE OF ILLINOIS,

**Plaintiff-Appellee,**

    v.

SHIRLEY KUCAVIK,

    Defendant-Appellant.

)  Appeal from the Circuit Court
)  for the 10th Judicial Circuit,
)  Peoria County, Illinois.

) No. 03-DT-553
)
)        The Honorable
)     Brian
Nemenoff,
)
      Judge
Presiding.

_____

_____

JUSTICE McDADE delivered the opinion of the court:

_____

_____

The State charged defendant, Shirley Kucavik, with driving
under the influence of alcohol. Defendant filed a notice of
intent to assert the defense of necessity. At trial defendant
stipulated that she drove a vehicle while intoxicated. The State
read defendant's stipulation to the jury and rested its case-in-
chief. Defendant testified on her own behalf. At the close of
all evidence the circuit court of Peoria County refused to
instruct the jury as to the defense of necessity. The jury found
defendant guilty and the court convicted defendant, sentenced her

to 12 months' conditional discharge, and assessed fines.  For the reasons that follow, we reverse defendant's conviction and remand for a new trial consistent with this opinion.


BACKGROUND

At trial, defendant testified that on the night in question she went to a bar with her boyfriend, Steven Davis, and his friend, Ryan McMahan.  Defendant did not observe McMahan drinking and believed he would be acting as the designated driver and would drive her home at the end of the evening.  The trio took defendant's car because McMahan's car was not running well. Defendant and Davis became intoxicated.  When the three left the bar, McMahan drove defendant's vehicle.  Rather than driving her home, McMahan drove to his home.  McMahan and Davis exited the car, leaving defendant in the backseat.  Later, Davis exited McMahan's home and got behind the wheel of defendant's vehicle while she sat in the backseat.  Defendant protested because she felt Davis was too drunk to drive, but Davis drove off. Defendant began arguing with Davis because she thought they were both too intoxicated to drive.  Davis became angry, pulled into the parking lot of Peoria Heights High School, and began squealing the tires and doing "doughnuts."

According to defendant, Davis then drove the vehicle out of the parking lot and returned to the road as they continued to argue.  He stopped the vehicle in the middle of the road, got out, and went to the passenger side of the car.  Defendant also

exited the vehicle and told Davis he could not leave the car there.  He then told defendant, "You ignorant bitch.  It's your car, you drive it.  And if you don't drive it I'm gonna hurt you."  Defendant testified she was afraid because Davis abused her in the past, had a tendency to become mean and pushy, and was carrying a switchblade knife.  Defendant got behind the wheel, drove two blocks, and parked on Atlantic Street, a side street just off the main road.  She then saw a police vehicle's lights behind her.  The police officer asked defendant if she had been fighting with Davis in the parking lot of Peoria Heights High School.  Defendant said she had not.  She testified that she said this because she was afraid of what Davis might do to her.

Defendant testified she drove the vehicle because it was in the middle of the road and she was afraid someone would hit it and get hurt.  She was also afraid of Davis and what he might do if he got arrested.  Defendant drove two blocks and parked on Atlantic because she "was trying to find a place [she] thought would be safe for [her] to pull into so [she] could walk home." Finally, defendant testified she moved the car only because she "thought it was the best thing to do at the time."  The defense rested its case.

The State moved to exclude defendant's proposed instruction on the defense of necessity.  The trial court granted the State's motion over defendant's objection.  In closing argument, the State told the jury that defendant had stipulated to committing the offense of driving under the influence, that the defense of

ˇ3ˇ

necessity was no longer an issue in the case, and, therefore, the law required the jury to return a guilty verdict.

During deliberations, the jury posed the following question: "Necessity Defense--is there a law that says it is acceptable to drive car [*sic*] under the influence of alcohol to avoid a greater injury under the DUI laws?  Please clarify this law."  Over defendant's objection, the court returned the following answer: "The question of necessity is no longer part of this case.  The decision of whether to find that the Defendant is guilty or not must be based upon the instructions given to you and the evidence which pertains to those instructions."  The jury returned a guilty verdict shortly after receiving the court's response.  This appeal followed.

ANALYSIS

Defendant signed off on the following stipulation:

> "The State and the Defense both stipulate, or agree, that the Defendant committed the offense of driving under the influence of alcohol on the date in question, September 23, 2003. A person commits the offense of driving under the influence of alcohol when they drive a vehicle under the influence of alcohol. A person is under the influence of alcohol when, as a result of drinking any amount of alcohol, his/her mental or physical faculties are so impaired as to reduce his ability to think and act with ordinary care."

The State read this stipulation to the jury and rested its case.  It presented no further evidence.  Defendant was the sole witness in her case and her testimony concerning the facts surrounding her driving of the car stands undisputed.  According to her testimony, defendant had a choice:   she could leave the car standing in the middle of the public street or she could move it out of the lane of traffic.  Although to do the latter would constitute the crime of driving under the influence of alcohol, a jury could find that a person reasonably would have felt compelled to move the car.  Therefore, defendant made a sufficient showing to require the submission of the necessity instruction to the jury.  Whether she was a hapless victim or a joint creator of the necessity and whether the distance she drove exceeded the need are factual determinations to be made by a properly instructed jury.

The giving of jury instructions is a matter within the sound discretion of the trial court.  *People v. Jones*, 219 Ill. 2d 1, 31, 845 N.E.2d 598, 614  2006 .  However,   it is a matter of law whether the defendant has met the evidentiary minimum entitling  her  to instructions on an affirmative defense.  *People v. Everette*, 141 Ill. 2d 147, 157, 565 N.E.2d 1295, 1299  1990 .   A defendant is entitled to instructions on those defenses which the evidence supports.  This is so even in instances where the evidence is 'slight.'  *Everette*, 141 Ill. 2d at 156, 565 N.E.2d at 1298.  The issue for this court in determining whether the trial court was required by law to give the jury instruction is whether defendant presented even slight evidence to support the defense of necessity.

The elements of the affirmative defense of necessity are that  1  the person claiming the defense was without blame in occasioning or developing the situation, and  2  the person reasonably believed that his conduct was necessary to avoid a greater public or private injury than that which might reasonably have resulted from his conduct.  citation.  This defense is

˘5˘

viewed as involving the choice between two admitted evils where other optional courses of action are unavailable [citation], and the conduct chosen must promote some higher value than the value of literal compliance with the law [citation]. *People v. Janik*, 127 Ill. 2d 390, 399, 537 N.E.2d 756, 760 (1989).

First, defendant presented some evidence that she was without blame in occasioning the situation that allegedly forced her to drive while intoxicated. When Davis and McMahan exited the vehicle and entered McMahan's house, she waited in the backseat. That fact supports a reasonable inference that she expected McMahan to return to the vehicle and drive her home. Davis's entering the vehicle and driving away supports a reasonable inference she did not have an opportunity to exit the vehicle before Davis began driving. Moreover, the ensuing argument between defendant and Davis supports the reasonable conclusion defendant was surprised by Davis's driving away. Because Davis drove the vehicle, defendant had no control over his stopping the vehicle in the middle of the road or his subsequent threat. The foregoing evidence supports a finding defendant was without blame in occasioning the situation presented here.

Defendant also presented some evidence that she acted reasonably to avoid a greater injury than that which might have resulted from driving a short distance to park while intoxicated. The evidence was that Davis stopped the car in the middle of the road and threatened to harm defendant if she did not move it. Defendant then got behind the wheel, drove two blocks, and parked. The jury could find that defendant reasonably believed that simply activating her flashing lights or pulling her car to the side of the road was insufficient to avoid a greater injury than driving the car to a side street. The record contains no evidence concerning the width of the road or the availability of a shoulder. Regardless, Once a defendant establishes the existence of even slight

evidence to support her defense, the reasonableness of her beliefs under the circumstances becomes a question for the jury.

The court in *People v. Cord, 258 Ill. App. 3d 188, 192, 630 N.E.2d 173, 177 1994*, noted that "[s]ome courts have read the second prong of the defense to justify only such otherwise illegal conduct which constitutes the *sole* reasonable alternative to the act and itself adopted that position. *Emphasis added. People v. Cord, 258 Ill. App. 3d 188, 192, 630 N.E.2d 173, 177 1994*. However, that conclusion is contrary to the plain language of section 7-13 of the Criminal Code of 1961, which states that the defense is available if the accused "*reasonably believed such conduct was necessary to avoid a public or private injury greater than the injury which might reasonably result from his own conduct*." 720 ILCS 5/7-13 (West 2004). To require the defendant's conduct to be the "sole" alternative to illegal conduct would render the language in the statute referring to the accused's reasonable belief meaningless. "*We must construe the statute so that each word, clause, and sentence is given a reasonable meaning and not rendered superfluous, avoiding an interpretation that would render any portion of the statute meaningless or void. Cassens Transport Co. v. Industrial Comm n, 218 Ill. 2d 519, 524, 844 N.E.2d 414, 419 2006*.

If the trial court is permitted to determine that another "reasonable alternative" existed and therefore refuse to instruct the jury on the defense, then the accused's reasonable belief becomes irrelevant. Stated differently, section 7-13 creates both an objective and subjective test for the reasonableness of the accused's conduct under the circumstances. *If the jury chose not to believe defendant, or found that her subjective belief that her conduct was necessary was unreasonable, then it would have rejected her defense. The existence of other alternatives may lead a jury to find that, given her subjective belief and the circumstances she faced,*

*defendant nonetheless did not act objectively reasonably. The trial court was required to leave these determinations to the jury.* We agree with the State that "the rule has an objective factor since it requires a reasonable belief," but denying a defendant the opportunity to have the jury decide the reasonableness of her conduct should the trial court find that another reasonable alternative existed would take the objective *factor* and transforms it into the determinative test for the availability of the defense.

*The evidence is not so clear and convincing as to permit the judge to find as a matter of law that there is no affirmative defense. While a reasonable person could conclude that the evidence presented as to the second prong of the necessity defense was insufficient, whether that is true is not the question before this court. As to the actual question presented, whether defendant presented even slight evidence to support the defense, we hold that the evidence presented and the reasonable inferences therefrom are such that she did. The State is free to argue to the jury what it believes a reasonable person would have done under the circumstances defendant faced. That it may have a different view of reasonable behavior does not negate defendant's right to the instruction, or defendant's right to have the jury make the final determination.*

## CONCLUSION

*Because defendant presented some evidence to support it, the trial court was required to give the jury the instruction on the necessity defense. See Cord, 258 Ill. App. 3d at 192, 630 N.E.2d at 176 unless the evidence before the court is so clear and convincing as to permit the court to find as a matter of law that there is no affirmative defense, the issue of whether a defendant should be relieved of criminal liability by reason of his affirmative defense must be determined by the jury with proper instruction as to the applicable law . Accordingly, we reverse defendant's conviction and remand for a new trial. The trial court is directed to instruct the jury as to the defense of necessity in defendant's second trial.*

*Reversed and remanded with instructions.*

SLATER, J., concurs.

BARRY, J., dissents.


JUSTICE BARRY, dissenting


I disagree with the majority's conclusion that the trial court abused its discretion when it found that the affirmative defense of necessity was unavailable to the defendant. The issue of whether a defendant should be relieved of criminal liability by reason of his or her affirmative defense must be determined by the jury with proper instruction as to the applicable law, unless the evidence before the trial court is so clear and convincing as to permit the court to find as a matter of law that there is no affirmative defense. People v. Hari, 218 Ill. 2d 275, 843 N.E. 2d 349, 362 2006 , citing People v. Jones, 175 Ill. 2d 126, 132, 676 N.E. 2d 646, 649 1997 .

In the instant case, the trial court found that the evidence established, clearly and convincingly, that the affirmative defense of necessity was not available. Particularly given that defendant drove her car for two blocks prior to pulling over to the side of the road, I cannot find that the trial court abused its discretion. The necessity defense is viewed as involving a choice between two admitted evils where other optional courses of action are unavailable, and the conduct chosen must promote some higher value than the value of literal compliance with the law. People v. Janik, 127 Ill. 2d 390, 399, 537 N.E. 2d 756, 760 1989 . Driving one's car while intoxicated for two blocks, for the mere purpose of getting that vehicle out of the way of traffic, does not promote such a higher value as to excuse the illegal conduct.

Because I do not agree that the trial court's decision was fanciful, arbitrary, or unreasonable to the degree that no reasonable person would agree with it  see *People v. Ortega*, 209 Ill. 2d 354, 359, 808 N.E. 2d 496, 500-501  2004  , I therefore respectfully dissent.