RICHARD WILLIAM HOAGLAND, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 52704

October 7, 2010                                          240 P.3d 1043

*Philip J. Kohn*, Public Defender, and *Philip David Westbrook* and *Casey A. Landis*, Deputy Public Defenders, Clark County, for Appellant.

*Catherine Cortez Masto*, Attorney General, Carson City; *David J. Roger*, District Attorney, *Steven S. Owens,* Chief Deputy District Attorney, and *Lawrence James O'Neale*, Deputy District Attorney, Clark County, for Respondent.

Before HARDESTY, DOUGLAS and PICKERING, JJ.

## OPINION

By the Court, HARDESTY, J.:

In this appeal, we consider whether necessity may be asserted as a defense to a charge of driving a vehicle while under the influence of intoxicating liquor (DUI). Because necessity is a common law defense and the Legislature has not limited its use, we conclude that necessity is available as a defense to a charge of DUI. However, we conclude that the district court did not commit error in this case by refusing to instruct the jury on necessity because appellant Richard Hoagland's offer of proof was insufficient as a matter of law to satisfy an element of the defense.

### FACTS

Hoagland was sleeping in his truck in an "employee parking" stall at the Salvation Army in Las Vegas. A security officer for the Salvation Army approached the truck and informed Hoagland that he could not sleep on the property and requested that Hoagland move his truck to another location. Hoagland was living out of his truck and believed that if he did not move his truck, it would be towed and impounded with all of his belongings.

Hoagland, attempting to comply with the request, backed into another parked vehicle. Although he never left the parking lot, Hoagland drove to the other side of the building only to return within minutes to the scene of the accident. The security officer called the Las Vegas Metropolitan Police Department (Metro), blocked the driveway exiting the parking lot, and ordered Hoagland to park his truck. When the Metro officer arrived, he conducted a field sobriety test, which Hoagland failed. Hoagland was subsequently arrested and charged with driving and/or being in actual physical control of a vehicle while under the influence of intoxicating liquor.

During his opening statement at trial, Hoagland asserted the defense of necessity. He informed the jury that he had no other choice, under the circumstances, but to operate his truck while intoxicated. After the State presented its case, the court recessed, and the parties settled jury instructions in the judge's chambers. Hoagland offered a necessity instruction patterned after jury instructions from other jurisdictions; however, the State contested the jury instruction, arguing that it was an inaccurate statement of the law and that the defense of necessity was not applicable in Nevada. The district court agreed and reasoned that because there is no Nevada caselaw allowing necessity as a defense to a DUI

charge, it would not permit Hoagland to offer the jury instruction or present evidence to the jury to support the defense of necessity.

Being denied the ability to present his theory of defense, Hoagland elected to enter an *Alford* plea[1] on the condition that his right to appeal the district court's decision would be preserved. In conjunction with his *Alford* plea, Hoagland made an offer of proof: that prior to the security officer's request that he move his truck, he had no intention of driving while intoxicated; he had no means to drive his truck because his keys were with another party and were only given to him after he was instructed to move his truck; and he feared that if his truck was impounded, he would lose his shelter and personal possessions and would be unable to pay the impound fees. Therefore, according to Hoagland, it was necessary for him to move his truck while intoxicated. Hoagland now appeals.

## DISCUSSION

Hoagland argues that the district court violated his due process rights by refusing to instruct the jury on a necessity defense and prohibiting him from offering evidence to support his defense theory. Traditionally, a district court has broad discretion to settle jury instructions, and we review that decision for an abuse of discretion or judicial error. *Crawford v. State*, 121 Nev. 744, 748, 121 P.3d 582, 585 (2005). When, as here, the issue involves a question of law, this court applies de novo review. *Berry v. State*, 125 Nev. 265, 273, 212 P.3d 1085, 1091 (2009); *U.S. v. Perdomo-Espana*, 522 F.3d 983, 986 (9th Cir. 2008).

As an initial matter, the State relies on *Whisler v. State*, 121 Nev. 401, 116 P.3d 59 (2005), to argue that a DUI violation is a strict liability offense, which would preclude Hoagland from presenting a necessity defense. We conclude that the State's reliance on *Whisler* is misplaced and improperly expands our holding in that case. In *Whisler*, the appellant made two arguments concerning a jury instruction on the defense of involuntary intoxication. 121 Nev. at 407-08, 116 P.3d at 63-64. First, the appellant argued that the State must prove that he was knowingly or willingly intoxicated and, second, that a DUI violation is not a strict liability offense. *Id.* at 407, 116 P.3d at 63.

Determining that appellant's arguments were without merit, we held that the State is not required to prove a defendant's knowledge of his intoxication because it would place too heavy a burden on

---

[1]*North Carolina v. Alford*, 400 U.S. 25 (1970) (permitting a plea of guilt even though the defendant still maintains his claim of innocence).

the State since a defendant is often unaware of his intoxication "precisely because of the intoxicating effects of the substance he has ingested." *Id.* at 408, 116 P.3d at 64. Our holding is silent, however, regarding whether DUI is a strict liability offense. Therefore, the State's reliance on *Whisler* is misguided, and we cannot agree with the State's contention that *Whisler* concluded that DUI is a strict liability offense. We do not address the issue further at this time, as neither party has provided any relevant legal or statutory analysis to allow this court to reach a meaningful disposition of the issue. *Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987) (explaining that this court need not consider arguments that have not been adequately briefed or supported by relevant legal authority).

However, necessity is a common law defense. *See United States v. Oakland Cannabis Buyers' Cooperative*, 532 U.S. 483, 490 (2001); *U.S. v. Ridner*, 512 F.3d 846, 849 (6th Cir. 2008). It is also a utilitarian defense that "justifies criminal acts taken to avert a greater harm, maximizing social welfare by allowing a crime to be committed where the social benefits of the crime outweigh the social costs of failing to commit the crime." *U.S. v. Schoon*, 971 F.2d 193, 196 (9th Cir. 1991). It is typically applied in situations where the illegal action is considered to be the " 'lesser of two evils' " and the circumstances were not the result of the defendant's own conduct. *Perdomo-Espana*, 522 F.3d at 987 (quoting *United States v. Bailey*, 444 U.S. 394, 410 (1980)); *Bodner v. State*, 752 A.2d 1169, 1174 (Del. 2000). Accordingly, the necessity defense is limited and should be narrowly construed. *Ridner*, 512 F.3d at 849.

Although the necessity defense derives from common law, several states have codified the defense. *See Reeve v. State*, 764 P.2d 324, 325 (Alaska Ct. App. 1988); *Bodner*, 752 A.2d at 1174; *People v. Kucavik*, 854 N.E.2d 255, 259 (Ill. App. Ct. 2006); *State v. Fee*, 489 A.2d 606, 607 (N.H. 1985); *Com. v. Capitolo*, 498 A.2d 806, 808 (Pa. 1985). While the necessity defense has not been codified in Nevada, we have previously adopted a restricted common law definition of the elements when offered as a defense in an escape-from-custody crime. *See Jorgensen v. State*, 100 Nev. 541, 543, 688 P.2d 308, 309 (1984) (citing *People v. Lovercamp*, 118 Cal. Rptr. 110 (Ct. App. 1975)). We recognize that common law necessity is generally applicable unless specifically limited by the Legislature. *See Oakland Cannabis Buyers' Cooperative*, 532 U.S. at 491 (explaining that a "defense cannot succeed when the legislature itself has made a determination of values" (internal quotations omitted)); *State v. Cram*, 600 A.2d 733, 735 (Vt. 1991)

("[T]he necessity defense is not applicable if it has been legislatively precluded."). Since the Nevada Legislature has not precluded the use of necessity as a defense, we conclude that it is available and can be asserted as a defense to a DUI violation. However, we decline to formulate all of the elements required for a necessity defense at this time because, as analyzed below, the facts of this case do not support a necessity defense as a matter of law.

In this case, the district court refused to instruct the jury on the necessity defense and precluded Hoagland from offering evidence to support his theory of defense. The court reasoned that because there was no prior Nevada authority expressly applying necessity as a defense to DUI, it could not recognize such a defense in Hoagland's case. We affirm the district court's decision to not instruct the jury on the necessity defense, but provide an alternate reasoning for our conclusion. *See St. James Village, Inc. v. Cunningham*, 125 Nev. 211, 221, 210 P.3d 190, 196 (2009) (affirming the district court's decision, although the court "relied on different grounds in reaching its decision").

" 'Due process requires that there be an opportunity to present every available defense.' " *Lindsey v. Normet*, 405 U.S. 56, 66 (1972) (quoting *American Surety Co. v. Baldwin*, 287 U.S. 156, 168 (1932)); *Washington v. Texas*, 388 U.S. 14, 19 (1967). The notion of fundamental fairness is interpreted as requiring that a defendant be "afforded a meaningful opportunity to present a complete defense." *California v. Trombetta*, 467 U.S. 479, 485 (1984). It is well established that a defendant is entitled to a jury instruction on his theory of the case, so long as there is evidence to support it, regardless of whether the evidence is weak, inconsistent, believable, or incredible. *Rosas v. State*, 122 Nev. 1258, 1266, 147 P.3d 1101, 1107 (2006); *Banks v. Sunrise Hospital*, 120 Nev. 822, 832, 102 P.3d 52, 59 (2004). However, a defendant must proffer sufficient evidence to support each element of the defense. *Ridner*, 512 F.3d at 849; *U.S. v. Hill*, 893 F. Supp. 1044, 1045 (N.D. Fla. 1994); *Williams v. State*, 91 Nev. 533, 535, 539 P.2d 461, 462 (1975). Where the evidence is legally insufficient to sustain an element of the defense, the district court is not required to instruct the jury on that defense or "burden[ ] [the jury] with testimony supporting other elements of the defense." *Bailey*, 444 U.S. at 416; *see also Ridner*, 512 F.3d at 849-50; *U.S. v. Holliday*, 457 F.3d 121, 128 (1st Cir. 2006); *Schoon*, 971 F.2d at 195; *Cram*, 600 A.2d at 734.

While we have not formulated the elements of the necessity defense to DUI, authority from other jurisdictions consistently include one element—whether the defendant presented sufficient evidence to show that he did not substantially contribute to the emergency or create the situation. *See Ridner*, 512 F.3d at 850 (one supporting element of the necessity defense is whether sufficient evidence was presented showing that the defendant did not place himself in a situation requiring him to choose to commit a criminal act); *Bodner*, 752 A.2d at 1174 (a supporting element of the necessity defense is whether sufficient evidence was presented showing that the defendant's conduct did not create the emergency); *Kucavik*, 854 N.E.2d at 258 (a supporting element of the necessity defense is whether sufficient evidence was presented showing that the defendant is blameless for creating the situation); *Cram*, 600 A.2d at 735 (a supporting element of the necessity defense is whether sufficient evidence was presented showing that the defendant was without fault for creating the emergency).

Hoagland's offer of proof shows that he parked his truck in a prohibited parking stall at the Salvation Army. Hoagland's actions of parking in a prohibited stall created the situation requiring him to operate his truck while under the influence. As a result, Hoagland's offer of proof does not satisfy the element that the defendant did not substantially contribute to the situation. *Cf. Kucavik*, 854 N.E.2d at 258-59 (determining that the defendant presented evidence to support a finding that, although intoxicated while driving a short distance, she did not create the emergency or the situation of the vehicle left in the middle of the road); *Bodner*, 752 A.2d at 1174-75 (concluding that it was for the jury to determine the credibility of the defendant's evidence that she did not contribute to the emergency of the vehicle being stalled on a railroad track). Therefore, we conclude that the district court was not required to instruct the jury on the necessity defense.

Accordingly, we affirm the judgment of conviction.

DOUGLAS and PICKERING, JJ., concur.