# IN THE SUPREME COURT OF THE STATE OF NEVADA

ROYAL LOVE-CAMP A/K/A ROYAL LOVECAMP,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 75261

FILED

MAR 29 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of one count second-degree murder with a deadly weapon and one count discharging a firearm at or into an occupied structure, vehicle, aircraft or watercraft. Eighth Judicial District Court, Clark County; Valerie Adair, Judge.

On December 15, 2016, 16-year-old Royal Love-Camp boarded an RTC bus with his older brother and his friend. After his friend began talking to a woman on the bus, the woman's boyfriend walked up from the back of the bus and punched Love-Camp's friend in the face. The boyfriend yelled at the three young men to get off the bus. Love-Camp exited the bus first, set a cup he was carrying down on the sidewalk, stood up while drawing his firearm, and shot the woman's boyfriend, who was still on the bus. The boyfriend died from a gunshot wound to the abdomen. After a five-day trial, the jury convicted Love-Camp of second-degree murder with a deadly weapon and discharging a firearm into an occupied vehicle.

Love-Camp appeals his convictions, arguing that the district court erred by (1) refusing a justifiable homicide jury instruction under NRS 200.120, (2) giving confusing and conflicting self-defense jury instructions,

19·14022

and (3) denying his motions for a mistrial and for a new trial. Love-Camp also argues there was insufficient evidence to convict him at trial.

First, we consider whether the district court erred in refusing to give a self-defense jury instruction pursuant to NRS 200.120. District courts have broad discretion to settle jury instructions, and this court generally "reviews the district court's decision for an abuse of discretion or judicial error." *Crawford v. State*, 121 Nev. 744, 748, 121 P.3d 582, 585 (2005). "An abuse of discretion occurs if the district court's decision is arbitrary or capricious or if it exceeds the bounds of law or reason." *Id.* (internal quotations and citation omitted). "A defendant is entitled to a jury instruction on his theory of the case, so long as there is evidence to support it, regardless of whether the evidence is weak, inconsistent, believable, or incredible." *Hoagland v. State*, 126 Nev. 381, 386, 240 P.3d 1043, 1047 (2010). However, the district court is not required to instruct the jury on a defense when the evidence is legally insufficient to sustain an element of the defense. *Id.* And, "the district court may refuse a jury instruction on the defendant's theory of the case which is substantially covered by other instructions." *Runion v. State*, 116 Nev. 1041, 1050, 13 P.3d 52, 58 (2000).

Here, NRS 200.120 requires the victim to intend or endeavor to commit a "crime of violence," which is "any felony for which there is a substantial risk that force or violence may be used against the person or property of another in the commission of a felony." NRS 200.120(3)(a). The evidence presented at trial shows that the boyfriend punched Love-Camp's friend once, which is evidence of a misdemeanor battery where the evidence

did not establish that the punch caused a substantial bodily injury.[1] *See* NRS 200.481(a). The evidence at trial showed that Love-Camp was a minor illegally in possession of a firearm without the supervision of a parent or guardian. *See* NRS 202.300(1). Additionally, by Love-Camp's own admission, other jury instructions given at trial substantially covered his proposed instruction. Therefore, we conclude that the district court did not err in refusing to give it.[2]

We also reject Love-Camp's argument that the evidence was insufficient. Video surveillance captured the shooting, Love-Camp admitted to the shooting, and multiple witnesses testified to the events surrounding the shooting. This evidence was sufficient for a rational trier of fact to conclude Love-Camp committed second-degree murder beyond a reasonable doubt, and we will not reweigh the evidence on appeal. See NRS 200.010; NRS 200.030; *Brass v. State*, 128 Nev. 748, 754, 291 P.3d 145, 149-50 (2012); *Nolan v. State*, 122 Nev. 363, 377, 132 P.3d 564, 573 (2006)

---

[1]Notably, the friend did not testify about his injuries, neither party admitted the friend's medical records, and the friend was able to exit the bus and run away. While Love-Camp's brother testified that the friend's lip was split and bleeding, and one of the other bus patrons testified that the friend was dazed, we do not agree that this is a substantial injury rising to a felony.

[2]We conclude that Love-Camp's arguments regarding confusing jury instructions, motion for mistrial, and motion for a new trial are without merit. The self-defense instructions given at trial directly follow those provided in *Runion v. State*, and therefore, we conclude they were proper instructions and not prejudicially confusing to the jurors. 116 Nev. at 1051-52, 13 P.3d at 58-59. Because Love-Camp's arguments regarding his motions for a mistrial and for a new trial rest on his contention that the district court erred in giving jury instructions, we likewise conclude the district court did not err in denying Love-Camp's motions.

"Murder is the unlawful killing of a human being . . . with malice aforethought, either express or implied." NRS 200.010(1). First-degree murder is murder that is willful, deliberate, and premeditated or carried out by certain methods or in certain contexts that are not at issue here, such as by poison or during a sexual assault. NRS 200.030(1). Second-degree murder is all other kinds of murder. NRS 200.030(2). A firearm is a deadly weapon under the law. NRS 193.165. A person who willfully and maliciously discharges a firearm into an occupied vehicle is guilty of a category B felony. NRS 202.285(1).

Here, Love-Camp's defense theory was that he shot the boyfriend in self-defense because he thought the boyfriend had a weapon and was chasing after him to harm him. Multiple witnesses identified Love-Camp as the shooter at trial and testified that the boyfriend had no weapons on him and did not act like he had any weapons. The video footage does not show the boyfriend charging after the young men. The video shows Love-Camp exiting the bus, stopping to place his cup on the sidewalk, taking out his gun, waiting for his companions to get out of the way, and then shooting the gun in the boyfriend's direction.

Viewing this evidence favorably to the prosecution, we conclude that a rational juror could have reasonably concluded that Love-Camp committed second-degree murder with a deadly weapon and discharged a firearm into an occupied vehicle without acting in self-defense. We therefore conclude that sufficient evidence supports Love-Camp's

convictions for second-degree murder with a deadly weapon and discharging a firearm into an occupied vehicle. For the reasons set forth above, we ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver


cc:    Hon. Valerie Adair, District Judge
Mueller Hinds & Associates
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk