# IN THE SUPREME COURT OF THE STATE OF NEVADA

BRIAN ANTHONY CAPERONIS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 75082

**FILED**

MAY 2 8 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of trafficking of a schedule I controlled substance. Second Judicial District Court, Washoe County; Barry L. Breslow, Judge.[1]

Appellant raises the following arguments in support of overturning his conviction. For the reasons explained below, we affirm the judgment of conviction.

*Unlawful seizure and motion to suppress*

Appellant contends that because Officer Johnson had no reasonable suspicion that appellant had committed a crime, Officer Johnson engaged in an unlawful seizure when he asked appellant for his identification in conjunction with asking the driver for his identification. Based on this allegedly unlawful seizure, appellant contends the district court should have suppressed the methamphetamine that was subsequently found on appellant's person. We disagree. *See Somee v. State,* 124 Nev. 434, 441, 187 P.3d 152, 157-58 (2008) (reviewing de novo the legal

---

[1]We note that the judgment of conviction filed in the district court erroneously states that appellant was convicted pursuant to a guilty plea. Pursuant to NRS 176.565, "[c]lerical mistakes in judgments . . . may be corrected by the court at any time." Accordingly, we order the district court to enter an amended judgment of conviction correcting the clerical error.

19-22960

consequences of a district court's factual findings). In particular, appellant does not dispute that Officer Johnson had reasonable suspicion to conduct the initial traffic stop, nor does appellant meaningfully dispute that Officer Johnson was entitled to ask the driver for identification in conjunction with conducting the traffic stop. *See Rodriguez v. United States*, 575 U.S. ___, ___, 135 S. Ct. 1609, 1615 (2015) ("Beyond determining whether to issue a traffic ticket, an officer's mission includes ordinary inquiries incident to [the traffic] stop. Typically such inquiries involve checking the driver's license, determining whether there are outstanding warrants against the driver, and inspecting the automobile's registration and proof of insurance." (alteration in original) (citation omitted) (internal quotation marks omitted)). Following the rationale that officers are permitted to ask *drivers* for identification and to check for outstanding warrants, this court observed in *Cortes v. State* that a police officer can ask *passengers* for identification and check for outstanding warrants "because passengers present a risk to officer safety equal to the risk presented by the driver." 127 Nev. 505, 513, 260 P.3d 184, 190 (2011) (quoting *United States v. Rice*, 483 F.3d 1079, 1084 (10th Cir. 2007)). Accordingly, Officer Johnson was permitted to ask for appellant's identification and to check for outstanding warrants without having independent reasonable suspicion that appellant had committed a crime.[2] *Id.* The district court therefore correctly denied appellant's motion to suppress because no unlawful seizure occurred.

---

[2]Appellant suggests that *Cortes* is not controlling because there was no evidence that Officer Johnson was actually concerned for his safety. We are not persuaded by this argument, as the record is silent regarding Officer Johnson's subjective safety concerns or lack thereof. The record does indicate, however, Officer Johnson's notations that appellant was nervous, staring straight ahead, and sweating. In all other respects this was a

*Chain of custody and insufficient evidence*

Appellant contends that the State failed to establish a proper chain of custody sufficient to render the methamphetamine admissible as evidence at trial. Consequently, appellant contends that there was insufficient evidence to convict appellant of the charged crime. *Cf. Higgs v. State*, 126 Nev. 1, 11, 222 P.3d 648, 654 (2010) (observing that evidence is sufficient to sustain a conviction if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" (internal quotation marks omitted)). Appellant's argument appears to consist of two components: (1) exhibit 20, the envelope containing the methamphetamine, was handled by three people after Officer Johnson placed the methamphetamine into the envelope and before Brad Taylor removed the methamphetamine from the envelope for testing, none of whom testified at trial; and (2) Officer Johnson testified at trial that the methamphetamine, being introduced as exhibits 13 and 14, was packaged differently from how it was packaged when he placed it into the envelope.

With respect to the first component of appellant's argument, this court held in *Sorce v. State* that it is not necessary to require every handling witness to testify at trial. 88 Nev. 350, 352-53, 497 P.2d 902, 903 (1972) ("It is not necessary to negate all possibilities of substitution or tampering with an exhibit, nor to trace its custody by placing each custodian upon the stand; it is sufficient to establish only that it is reasonably certain that no tampering or substitution took place, and the doubt, if any, goes to the weight of the evidence."). Based on *Sorce* and the record before us in

typical traffic stop wherein Officer Johnson would have had typical concerns for his safety.

 

this case, we conclude that the possibility of any of the three intervening handlers tampering with the contents of exhibit 20 would have gone to the weight the jury could give to exhibit 20, not its admissibility.[3] With respect to the second component of appellant's argument, Brad Taylor's testimony adequately explained why exhibits 13 and 14 were packaged differently from how Officer Johnson placed the methamphetamine into the envelope. Accordingly, the district court was within its discretion in admitting the challenged exhibits, *Mclellan v. State*, 124 Nev. 263, 267, 182 P.3d 106, 109 (2008) ("We review a district court's decision to admit or exclude evidence for an abuse of discretion."), and the jury easily could have been convinced beyond a reasonable doubt that appellant committed the elements of the charged crime, *Higgs*, 126 Nev. at 11, 222 P.3d at 654.

*Admission of exhibit 20 without a limiting instruction*

Appellant contends that the district court abused its discretion in admitting exhibit 20 into evidence without a limiting instruction because exhibit 20 contained hearsay. *Cf. Tabish v. State*, 119 Nev. 293, 310, 72 P.3d 584, 595 (2003) (observing that it may be an abuse of discretion for a district court to admit prejudicial evidence without a limiting instruction). We are not persuaded that this argument warrants reversal. As an initial matter, appellant did not coherently articulate to the district court the limiting instruction that he is now proposing on appeal. Additionally, "'[h]earsay' means a *statement* offered in evidence to prove the truth of the matter asserted," NRS 51.035 (emphasis added), and appellant has not

---

[3]We note that there is nothing in the record to suggest that the contents of exhibit 20 were actually tampered with. To the contrary, Brad Taylor's testimony indicates that he would have refused to test the contents of exhibit 20 if the seal on the envelope had been broken.

identified any statement on exhibit 20 that he believes was being offered for the truth of the matter asserted. Consequently, we conclude that the district court was within its discretion to admit exhibit 20 without a limiting instruction.[4]

*Vouching for the State's case*

Appellant contends that reversal is warranted because the district court vouched for the State's case when it allowed the State to read the information to the jury.[5] While we agree that NRS 175.141(1) requires the court clerk to read the information, appellant did not object below, and we are not persuaded that this error affected appellant's substantial rights. *See Mclellan*, 124 Nev. at 267, 182 P.3d at 109 ("In conducting plain error review, we must examine whether there was error, whether the error was plain or clear, and whether the error affected the defendant's substantial rights." (internal quotation marks omitted)). In particular, we conclude that the district court's admonishment to the jury immediately before the

---

[4]We likewise are not persuaded that the district court should have excluded exhibit 20 as a discovery sanction. To the extent that it was the State that failed to comply with NRS 174.285(2), we agree with the district court that this noncompliance did not hinder appellant in mounting a defense.

[5]Separately, appellant also contends that reversal is warranted because the district court refused to give appellant's proffered jury instruction regarding intent. We conclude that the district court acted within its discretion in declining to give the proffered instruction. *Hoagland v. State*, 126 Nev. 381, 384, 240 P.3d 1043, 1045 (2010) ("[A] district court has broad discretion to settle jury instructions, and we review that decision for an abuse of discretion or judicial error."). The instruction that was given contained a correct statement of the law, and we are not persuaded that the jury would have been confused by the instruction in the manner that appellant suggests.

 

State read the information was effective to preclude any juror from inferring that the district court was vouching for the State's case.[6] In light of the foregoing, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Cadish

cc: Hon. Barry L. Breslow, District Judge
Oldenburg Law Office
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk

---

[6]As this was the only trial error, appellant's argument regarding cumulative error necessarily fails. *McKenna v. State*, 114 Nev. 1044, 1060, 968 P.2d 739, 749 (1998) (observing that a single error "does not, by itself, constitute cumulative error").