IN THE SUPREME COURT OF THE STATE OF NEVADA

WAR MACHINE, A/K/A JOHNATHAN PAUL KOPPENHAVER, A/K/A JONATHAN P. KOPPENHAVER,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 73276

FILED

APR 08 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict.[1] Eighth Judicial District Court, Clark County; Elissa F. Cadish, Judge.

In the early morning hours of August 8, 2014, residents of a Las Vegas neighborhood reported a bloodied and naked woman wrapped in a blanket, knocking on doors, and pleading for help. Emergency services arrived and took the woman, C.M., to a hospital. Law enforcement learned that appellant War Machine had entered C.M.'s home and found her asleep in bed with another man, C.T. Appellant immediately bombarded C.T. with repeated punches to the face. After a lengthy fight, appellant permitted the bloodied C.T. to leave C.M's home. Appellant then attacked C.M. C.M. suffered a myriad of injuries, including a blowout fracture of her left eye orbit, multiple nasal fractures, a lacerated liver, broken and missing teeth, multiple lacerations to her head, and significant bruising to her face, leg, and torso.

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

20-13389

After a criminal complaint was filed against appellant based on that incident, C.M. revealed to a prosecutor that she and appellant were in a dating relationship with a long history of domestic violence. Based on that information, the State amended the complaint to charge appellant with additional offenses stemming from several violent incidents that occurred over the course of the relationship—between May 1, 2013 and August 8, 2014. Following trial, a jury convicted appellant of 25 felony counts and 4 misdemeanor counts. This appeal followed.

*Unconsciousness defense*

First, appellant argues that the district court erred by denying his proffered jury instruction on unconsciousness as a defense. We review the district court's decision for an abuse of discretion. *Jackson v. State*, 117 Nev. 116, 120, 17 P.3d 998, 1000 (2001).

A person who commits "the act charged without being conscious thereof" is not capable of committing a crime and therefore is not liable to punishment. NRS 194.010(6). Put another way, to avoid criminal liability and punishment under NRS 194.010(6), a person must have been unaware of his actions. *See Unconscious, Black's Law Dictionary* (11th ed. 2019) (defining "unconscious" as "[w]ithout awareness; not conscious"). Here, appellant sought to present an "unconsciousness" defense based on a brain injury and drug use. The district court concluded the evidence supported only a diminished capacity defense, which Nevada does not recognize. *See Crawford v. State*, 121 Nev. 744, 757, 121 P.3d 582, 591 (2005) ("[T]he technical defense of diminished capacity is not available in Nevada."); *see also Diminished Capacity, Black's Law Dictionary* (11th ed. 2019) (defining "diminished capacity" as "[a]n impaired mental condition—short of insanity—that is caused by intoxication, trauma, or disease and that

 

prevents a person from having the mental state necessary to be held responsible for a crime"). We agree with the district court.

At trial, appellant elicited testimony that medical imaging of his brain showed some "abnormalities" and that he used steroids and prescription drugs. Appellant's expert opined that such a combination may cause someone to act "reflexively." But there was no evidence to indicate that appellant's continuous acts of physical violence against C.M., or the prolonged assault of C.T., were reflexive. Rather, the evidence shows that appellant was aware of his actions. He reacted to perceived betrayals by C.M with jealousy and anger. C.T. testified that appellant shouted throughout the assault, demanding that C.M. affirm her devotion to him. C.M. testified that appellant looked through her cellphone and battered her when he saw something offensive. Absent any evidence to support a reasonable inference that appellant committed the charged acts without being conscious of doing so, we conclude the district court did not abuse its discretion by denying appellant's proposed unconsciousness instruction. *See Jackson*, 117 Nev. at 120, 17 P.3d at 1000 ("An abuse of discretion occurs if the district court's decision is arbitrary or capricious or if it exceeds the bounds of law or reason."); *cf. Hoagland v. State*, 126 Nev. 381, 386, 240 P.3d 1043, 1047 (2010) (stating the general proposition that "a defendant is entitled to a jury instruction on his theory of the case, so long as there is evidence to support it, regardless of whether the evidence is weak, inconsistent, believable, or incredible").

*Challenges to counts 2, 3, 5, and 6*

Next, appellant argues that he was denied the ability to defend against counts 2, 3, 5, and 6 because they were not connected to a specific instance of abuse alleged in the information. Reviewing the sufficiency of the charging document de novo, *Rimer v. State*, 131 Nev. 307, 325, 351 P.3d

SUPREME COURT
OF
NEVADA

(O) 1947A

3

697, 710 (2015), we disagree. *See* NRS 173.075(1) (an information must notify a defendant by "plain, concise and definite written statement of the essential facts constituting the offense charged"). The information identified the relevant statutes for the charged offenses and alleged the approximate time, the place, and the conduct constituting each offense. *See Cunningham v. State*, 100 Nev. 396, 400, 683 P.2d 500, 502 (1984) ("Unless time is an essential element of the offense charged, there is no absolute requirement that the state allege the exact date, and the state may instead give the approximate date on which it believes the crime occurred."). Thus, the information "satisfies the constitutional and statutory notice requirements." *Rimer*, 131 Nev. at 325, 351 P.3d at 710.

Appellant also challenges the sufficiency of the evidence supporting counts 2, 3, 5, and 6. When reviewing the sufficiency of the evidence, we must determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Origel-Candido v. State*, 114 Nev. 378, 381, 956 P.2d 1378, 1380 (1998). A criminal conviction will not be disturbed on appeal, where, as here, substantial evidence supports the jury's verdict. *McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992).

The State presented substantial evidence and testimony that revealed a pattern of domestic violence. Regarding the offense of preventing or dissuading a person from reporting a crime, C.M. testified that appellant regularly threatened her if she ever revealed his abuse. Specifically, that appellant stated he had friends in the Special Forces and biker gangs, and that he would send them after her and her family. C.M. also testified that several times in her presence appellant would communicate her address

and phone number to these friends over the phone. Thus, sufficient evidence supports appellant's convictions for preventing or dissuading a person from reporting a crime (counts 3 and 6). *See* NRS 199.305; *see also LaPierre v. State*, 108 Nev. 528, 531, 836 P.2d 56, 58 (1992) (recognizing that a victim's testimony alone is enough to support a conviction so long as it contains some particularity to provide a reliable indicia that the number of charged acts occurred). Regarding the offense of coercion, C.M. testified that multiple times, after appellant battered her, appellant would take her cellphone to prevent her from calling her mother because her mother would call law enforcement. Further, C.M. testified that this happened with such regularity that after initially trying to regain her phone, she eventually acquiesced. Thus, sufficient evidence supports appellant's convictions for coercion (counts 2 and 5). *See* NRS 207.190; *see also McNair*, 108 Nev. at 56, 825 P.2d at 573 ("[I]t is the jury's function, not that of the court, to assess the weight of the evidence and determine the credibility of witnesses.").[2]

---

[2]Insofar as appellant raises other arguments related to these counts, we conclude they do not present a basis for relief. First, because we have determined that the information provided sufficient notice of the charged crimes, we find appellant's contention that the lack of specificity prevented him from presenting an alibi defense unpersuasive. Second, appellant does not provide relevant authority or cogent argument to support his contention that the district court erred by not giving his proposed "unanimity" jury instruction. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987) ("It is appellant's responsibility to present relevant authority and cogent argument; issues not so presented need not be addressed by this court."). Third, because appellant agreed to the amended verdict form submitted to the jury, we decline to review his challenge to the verdict form. *See Carter v. State*, 121 Nev. 759, 769, 121 P.3d 592, 599 (2005) ("A party who participates in an alleged error is estopped from raising any objection on appeal."). Finally, because we have determined that sufficient evidence

*The State's pretrial interview notes*

Next, appellant argues that the district court erred by denying his request for disclosure of the prosecutor's notes of pretrial interviews with C.M., in violation of his rights under *Brady v. Maryland*, 373 U.S. 83 (1963), and NRS 174.235.[3] We disagree.

A *Brady* claim has three components: (1) the State withheld evidence; (2) the withheld evidence is favorable to the accused; and (3) the withheld evidence is material, i.e., "there is a reasonable *possibility* that the omitted evidence would have affected the outcome." *Mazzan v. Warden*, 116 Nev. 48, 66, 993 P.2d 25, 36 (2000) (emphasis in original). Here, the *Brady* claim was premature. *See Bradley v. Eighth Judicial Dist. Court*, 133 Nev. 754, 759-60, 405 P.3d 668, 673-74 (2017) (recognizing that *Brady* "analysis is applied retrospectively" after trial because it asks in part how the State's suppression of certain evidence likely affected the trial's outcome). Additionally, appellant does not show that the challenged material was

---

supports the guilty verdicts on counts 2, 3, 5, and 6, we conclude that the district court did not err by denying the motion to set aside the convictions under NRS 175.381(2). *See Evans v. State*, 112 Nev. 1172, 1193, 926 P.2d 265, 279 (1996) (providing that NRS 175.381(2) "does not allow the district court to act as a 'thirteenth juror' and reevaluate the evidence and the credibility of the witnesses"). Moreover, the motion was not timely filed. *See* NRS 175.381(2) (providing that a "motion for a judgment of acquittal must be made within 7 days after the jury is discharged").

[3]Appellant also contends that NRS 174.235(2)(a) is unconstitutional because it allows the prosecution to circumvent its constitutional obligation to disclose exculpatory evidence. However, we conclude this argument is belied by the statute's plain language, which provides that "[t]he provisions of this section are not intended to affect any obligation placed upon the prosecuting attorney by the Constitution of this state or the Constitution of the United States to disclose exculpatory evidence to the defendant." NRS 174.235(3).

SUPREME COURT
OF
NEVADA

(O) 1947A

exculpatory; in fact, he concedes that C.M.'s pretrial interview resulted in numerous new criminal charges. And the State disclosed the only potential inconsistency relevant to impeachment. Accordingly, it also does not appear that the State withheld *Brady* material. Further, NRS 174.235(1)(a) entitles the defendant to any written or recorded statements made by the defendant or any witness the prosecution intends to call at trial, but the State is not required to disclose privileged information or work product prepared by, or on behalf of, the prosecuting attorney. *See* NRS 174.235(2)(a); *see also Lisle v. State*, 113 Nev. 679, 696, 941 P.2d 459, 470 (1997) (concluding that notes "prepared in anticipation of litigation . . . are . . . attorney work-product"), *overruled on other grounds by Middleton v. State*, 114 Nev. 1089, 1117 n.9, 968 P.2d 296, 315 n.9 (1998). Therefore, we conclude the district court did not err by denying appellant's request.

*Cumulative error*

Finally, appellant argues that cumulative error requires reversal. We disagree. Because we discern no error, there is nothing to cumulate. *See Lipsitz v. State*, 135 Nev. 131, 140 n.2, 442 P.3d 138, 145 n.2 (2019) (concluding that there were no errors to cumulate when the court found only a single error). Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, C.J.
Pickering

_____, J.
Parraguirre

_____, J.
Hardesty

cc: Chief Judge, Eighth Judicial District Court
Eighth Judicial District Court, Dept. 6
Law Offices of Jay Leiderman, PC
Mace J. Yampolsky, Ltd.
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk