# IN THE SUPREME COURT OF THE STATE OF NEVADA

MAJUNIQUE BROWN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 78671

FILED

DEC 14 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of conspiracy to commit kidnapping, conspiracy to commit robbery, first-degree murder with the use of a deadly weapon, first-degree kidnapping with the use of a deadly weapon, and robbery with the use of a deadly weapon.. Eighth Judicial District Court, Clark County; Douglas W. Herndon, Judge.

Jason Byes was stabbed in the parking lot of a Las Vegas apartment complex. Soon after the stabbing, a security guard at the complex observed Appellant Manjunique Brown and Marcus Bowden loading Byes into Byes's own car. Brown and Bowden proceeded to drive Byes's car to Louisiana. On the way to Louisiana, Brown and Bowden stopped in Arizona and disposed of Byes's body. Brown and Bowden were subsequently located in Louisiana in possession of Byes's car and other of his personal effects. Brown and Bowden were returned to Nevada and charged with kidnapping, robbery and murder. Bowden pleaded guilty to murder, while Brown proceeded to a jury trial. The jury convicted Brown on five charges: conspiracy to commit kidnapping, conspiracy to commit robbery, first-degree murder with the use of a deadly weapon, first-degree

20-45220

kidnapping with the use of a deadly weapon, and robbery with the use of a deadly weapon. Brown appeals, alleging several trial errors.

*The district court did not abuse its discretion in limiting one expert's testimony*

First, Brown alleges the district court improperly restricted one of her experts' testimony. A district court's decisions regarding expert testimony and an expert's qualifications are not disturbed absent a clear abuse of discretion. *Mulder v. State*, 116 Nev. 1, 12-13, 992 P.2d 845, 852 (2000). The district court found the proposed biomechanics expert qualified to testify regarding the biomechanics—but not medical causation—of the stab wounds. The district court properly considered the proposed opinion and determined the expert was not qualified to testify as to medical causation of the stab wounds on the grounds that he was not a medical expert, testimony diagnosing the cause of a wound was outside of his biomechanics expertise, and that he had no experience testifying in criminal cases as to the cause of wounds. As such, the district court did not abuse its discretion in limiting this testimony only to the biomechanics of the wounds.[1]

---

[1]Brown further argues this limitation interfered with her right to present her chosen defense. We review this argument for plain error because Brown only objected at trial to the district court's determination that the testimony must be limited based upon the expert's lack of qualifications. *See Martinorellan v. State*, 131 Nev. 43, 48, 343 P.3d 590, 593 (2015). Under plain error review, reversal is not warranted "unless the defendant demonstrates that the error affected his or her substantial rights, by causing 'actual prejudice or a miscarriage of justice.'" *Valdez v. State*, 124 Nev. 1172, 1190, 196 P.3d 465, 477 (2008) (quoting *Green v. State*, 119 Nev. 542, 545, 80 P.3d 93, 95 (2003)). Here, since another expert testified to the exact opinion that district court limited, we conclude Brown

*Mr. Bowden validly asserted his Fifth Amendment right not to testify*

Brown alleges the district court erred in permitting Bowden to assert a Fifth Amendment right not to testify. The validity of a witness's assertion of the Fifth Amendment privilege against self-incrimination is reviewed de novo. *McCaskill v. State*, 127 Nev. 1158, 373 P.3d 940 (2011). The privilege requires "more than a vague and subjective fear of prosecution." *Jones v. State*, 108 Nev. 651, 657, 837 P.2d 1349, 1352 (1992). In *Jones*, we held that it was error to permit a witness to claim the protection of the privilege against self-incrimination after he had pleaded guilty. *Id.* at 657, 837 P.2d at 1353. However, there was no indication in *Jones* that the witness was still subject to prosecution by other sovereigns. This case involved criminal acts in multiple states for which the statutes of limitation had not yet expired.[2] Accordingly, although Bowden had pleaded guilty in Nevada, he still was subjected to a legitimate fear of prosecution by other states or by the federal government. The district court therefore did not err in permitting Bowden's claim of Fifth Amendment protection.

*The court correctly excluded Mr. Bowden's statements*

Brown further argues the district court improperly denied her offer to introduce Bowden's statements to an investigating officer through

---

presented her chosen defense on this point, and thus there was no plain error.

[2] Specifically, Bowden's counsel told the court he had advised his client that he could face federal charges for kidnapping under 18 U.S.C. § 1201 (2006), which carries the death penalty and has no statute of limitations under 18 U.S.C. § 3281 (1994). In addition, he advised Bowden of potential charges in states like New Mexico and Texas, and that both those states toll statute of limitations when the defendant is not present in the state.

hearsay exceptions for an unavailable declarant (either as a declaration against interest under NRS 51.345 or under NRS 51.315's general exception). This court reviews evidentiary decisions by a district court for an abuse of discretion. *Farmer v. State*, 133 Nev. 693, 702, 405 P.3d 114, 123 (2017). Bowden was an unavailable declarant due to his invocation of the Fifth Amendment privilege. *See* NRS 51.055(1)(a). However, Brown attempted to introduce Bowden's statements while arguing that they were mostly untrue. Brown never argued that, either below or on appeal, the statements were not hearsay because they were not offered for their truth. *See Wallach v. State*, 106 Nev. 470, 473, 796 P.2d 224, 226-27 (1990) (providing that the hearsay rule does not apply if the statement is not offered 'to prove the truth of the matter asserted). Both of the statutes Brown argues support admission of these statements, NRS 51.315 and NRS 51.345, require assurances of accuracy and trustworthiness of the hearsay statement. *See Woods v. State*, 101 Nev. 128, 136, 696 P.2d 464, 469 (1985). ("The 'assurances of trustworthiness' required by NRS 51.345, the more specific statute, should not be measured by a more restrictive standard than the 'assurances of accuracy' necessary to fall within [NRS 51.315]."). Brown mistakenly argues that these requirements are met when the hearsay statements may be *recounted* accurately. We disagree: both these statutes focus on the trustworthiness of the *content* of the statements being admitted, and Brown did not provide assurances of accuracy for Bowden's statements. Thus, the district court did not abuse its discretion in refusing to admit Bowden's statements through unavailable-declarant hearsay exceptions.

*The State committed prosecutorial misconduct, but reversal is not warranted*

Brown further argues that the State's statements during its rebuttal argument comparing Brown to a salesperson trying to "sell" the jury on her story were prosecutorial misconduct. In considering claims of prosecutorial misconduct, this court utilizes a two-step analysis: (1) determining whether the prosecutor's conduct was improper, and (2) determining whether the improper conduct warrants reversal. *Valdez v. State*, 124 Nev. 1172, 1188, 196 P.3d 465, 476 (2008). Under the second step, harmless error review applies if the statement was objected to at trial. *Id.*

We first conclude that the error was preserved, despite Brown not objecting at trial. Immediately after the "salesperson" analogy was made, the district court interjected sua sponte and told the jury to disregard the inappropriate statements. We conclude that counsel below was not required to object after the district court itself essentially had preserved the issue. *See Baker v. State*, 906 A.2d 139, 148 (Del. 2006) (finding the issue of prosecutorial misconduct preserved if a trial court intervened sua sponte). Since the error was preserved, we review for harmless error.

We agree with the district court's determination that the salesperson analogy was inappropriate. A prosecutor may not attempt to inflame the jury against the defendant. However, it did not impermissibly comment on Brown's exercise of a constitutional right or "so infect[ ] the trial with unfairness as to make the resulting conviction a denial of due process." *Id.* at 1189, 196 P.3d at 477. As such, this court "will reverse only if the error substantially affects the jury's verdict." *Id.* at 1189, 196 P.3d at 476. Here, the district court quickly admonished the jury to disregard the improper statements. While this statement was improper, its substance

went to the credibility of Brown as a testifying witness—something the jury was bound to consider. Given the timely admonishment and the weight of the evidence in this case, the error did not substantially affect the verdict and accordingly it does not warrant reversal.

*The district court erred by not allowing a voluntary manslaughter instruction, but the error was harmless*

Brown argues that the district court erred in denying her request to give the jury an instruction regarding the lesser-included offense of voluntary manslaughter. A district court has "broad discretion to settle jury instructions, and this court reviews the district court's decision for an abuse of that discretion or judicial error." *Crawford v. State*, 121 Nev. 744, 748, 121 P.3d 582, 585 (2005). "The failure to instruct the jury on a defendant's theory of the case that is supported by the evidence warrants reversal unless the error was harmless." *Newson v. State*, 136 Nev., Adv. Op. 22, 462 P.3d 246, 250-52 (2020) (finding it was error to not give voluntary manslaughter instruction, even though only circumstantial evidence supported it, when it was the defense theory of the case).

Since the jury was permitted to find Brown guilty of the charged offenses on either aider-and-abettor or direct-participation grounds, she was entitled to argue for lesser-included instructions that would be available to the alleged principal actor (here, Bowden). *See Sharma v. State*, 118 Nev. 648, 652, 56 P.3d 868, 870 (2002) ("Nevada law does not distinguish between an aider or abettor to a crime and an actual perpetrator of a crime; both are equally culpable."). Brown testified that preceding the killing, there was an argument in the apartment between Bowden and Byes that turned into a physical altercation where Byes wielded a knife. Brown further testified that Byes left the apartment after the altercation and

Bowden followed him outside where Byes was ultimately killed. Brown posits that circumstantial evidence suggests that Bowden may have been provoked by Byes outside, precipitating the killing. As such, Brown argues she was entitled to a manslaughter instruction. A defendant is entitled to a requested instruction on their theory of the case "so long as there is evidence to support it, regardless of whether the evidence is weak, inconsistent, believable, or incredible." *Hoagland v. State*, 126 Nev. 381, 386, 240 P.3d 1043, 1047 (2010). Despite the evidence in this matter supporting a voluntary manslaughter instruction being weak, it was nevertheless sufficient and the district court erred in denying the instruction.

However, we conclude this error was harmless. The improper exclusion of a jury instruction is harmless error "when it is clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error." *Wegner v. State,* 116 Nev. 1149, 1155-56, 14 P.3d 25, 30 (2000), *overruled on other grounds* by *Rosas v. State*, 122 Nev. 1258, 147 P.3d 1101 (2006) (internal quotation marks omitted). Here, the jury was offered three alternative theories of first-degree murder: felony murder, robbery; felony murder, kidnapping; and willful and premeditated murder. The jury was not required to agree on a single theory to convict on first-degree murder grounds. The verdict forms here reflect that in addition to first degree murder the jury also found Brown guilty beyond a reasonable doubt of robbery and of kidnapping in the first degree. Accordingly, any error by the district court in failing to give a voluntary manslaughter instruction is harmless under these facts. We therefore conclude that, while the district court should have granted Brown's request for a voluntary

SUPREME COURT
OF
NEVADA

(O) 1947A

7

manslaughter jury instruction, in light of the above, the denial was harmless error. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver

cc:   Hon. Douglas W. Herndon, District Judge
      The Almase Law Group LLC
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A